THOMAS, Judge,
concurring specially.
I agree that the cap in AIa.Code 1975, § 14-8-6, prohibits the Alabama Department of Corrections (“the department”) from withholding more than 40% of an inmate’s work-release earnings to defray costs of confinement incurred by the department. I do not believe, as the defendants argued in oral argument on rehearing in this case, that our interpretation of the legislatively imposed cap on the department’s right to withhold work-release earnings for the department’s own use applies in any way to those moneys that the department or the inmate’s employer may have to deduct from the inmate’s work-release earnings pursuant to a child-support income-withholding order, an order of restitution, or another obligation of the inmate arising by statute, such as repayment of a state tax lien. Arguably, child support deducted through an income-withholding order is to be deducted by the inmate’s employer, see Ala.Code 1975, § 30-8-61; the parties did not explain by what statute the department was authorized to withhold and collect child support from an inmate’s work-release income, but they all agreed that the process was permitted and practiced. Restitution, however, may clearly be withheld and collected by the inmate’s employer or by the department, which would be an entity “in real or constructive possession, custody, or control” of the inmate’s work-release earnings. See Ala.Code 1975, § 15-18-144. The department’s duty to withhold and collect those moneys for the benefit of the inmate’s child or victim is separate and distinctly different from its right to withhold moneys to defray the costs of confinement under § 14-8-6.
In addition, I believe that the department’s duty to withhold and collect those other moneys takes priority over its right to defray the costs of confinement. As I understand the law, the inmate’s responsibility for child support, and the employer’s duty to withhold from an inmate’s earnings an amount pursuant to an income-withholding order for child support, has priority over other garnishments or obligations. Ala.Code 1975, § 30-3-67 (indicating that an income-withholding order for child support “shall have priority over any writ of garnishment or any other state legal process against the same income of the obli-gor”). In my opinion, a victim’s right to *23 restitution should also take priority over the department’s right to withhold a portion of an inmate’s work-release earnings. Thus, I am of the opinion that the department must deduct amounts due under child-support or restitution orders before deducting the 40% that it is entitled to withhold from the inmate’s earnings pursuant to § 14-8-6.
BRYAN, J., concurs.